IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DALLAS EDWARD HOWARD,

Defendant.

CR 10-78-GF-BMM-01

**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE**

## I.  Synopsis

The United States accused Mr. Howard of violating his conditions of supervised release by 1) failing to submit monthly reports to the probation office, 2) failing to give prior notice of a change in residence to the probation office, 3) using methamphetamine, and 4) failing to report for a non-compliance hearing.  He admitted to the violations.  Mr. Howard's supervised release should be revoked. He should be sentenced to three months of custody, with sixty-nine months of supervised release to follow.  As provided by the conditions of his supervised release, Mr. Howard should be required to participate in a sixty-day inpatient treatment at Connection Corrections, as directed by the United States Probation Office, upon the completion of his term of custody.

1

## II.  Status

On January 21, 2011, United States District Court Judge Sam Haddon sentenced Mr. Howard to seventy-two months custody, with seventy-two months of supervised release to follow, after he pleaded guilty to Manufacture of Methamphetamine within One Thousand Feet of Public Housing.  (Doc. 28).  Mr. Howard began his first term of supervised release on January 11, 2016.

On August 15, 2016, the United States Probation Office filed a Report on Offender under Supervision after Mr. Howard submitted a urine sample positive for methamphetamine.  (Doc. 30).  The Court allowed him to continue his supervised release after being placed in intensive outpatient treatment.

### Petition

On May 17, 2018, the Probation Office filed a petition seeking to revoke Mr. Howard's supervised release.  The petition alleged that Mr. Howard failed to submit monthly reports from November 2017 through March 2018.  The petition further alleged that Mr. Howard had not been living at his approved residence since at least January of 2018.  The petition also alleged that on April 21, 2018, Mr. Howard admitted verbally and in writing to using methamphetamine, and had used it multiple times in the previous two weeks.  Finally, the petition alleged that on April 24, 2018, Mr. Howard failed to report for a non-compliance hearing.  (Doc.

2

31).  Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Howard's arrest.  (Doc. 32).

**Initial appearance**

Mr. Howard appeared before the undersigned on June 19, 2108, in Great Falls, Montana, for an initial appearance.  Federal Defender Hank Branom accompanied Mr. Howard at the initial appearance.  Assistant United States Attorney Jared Cobell represented the United States.

Mr. Howard said he had read the petition and understood the allegations. Mr. Howard waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Howard admitted to the violations as alleged in the petition, stating only that he did eventually complete the monthly reports, but did not submit them timely.  The violations are serious and warrant revocation of Mr. Howard's supervised release.

Mr. Howard's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class B felony.  He could be incarcerated for up to thirty-six months.  He could be ordered to remain on supervised release for seventy-two months, less any custody time imposed.  The United States Sentencing

3

Guidelines call for five to eleven months in custody.

Mr. Branom argued for a sentence of two months custody, followed by treatment, stating that Mr. Howard was not in a stable household and that upon release, he would be in a better living arrangement with his girlfriend. Mr. Howard exercised his right of allocution and apologized to the Court, stating that after his mother passed away, his sister and brother ousted him from the family home and he had no support. He stated that he resisted the temptation to use methamphetamine for as long as he could, but he was surrounded by people who were using. Mr. Cobell recommended a guideline sentence with supervised release to follow, stating that treatment could be appropriate for him.

### III.   Analysis

Mr. Howard's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to three months of custody, with sixty-nine months of supervised release to follow. As provided by the conditions of his supervised release, Mr. Howard should be required to participate in a sixty-day inpatient treatment at Connections Corrections, as directed by the United States Probation Office, upon completing his term of custody. This sentence would be sufficient for the violation of the Court's trust, but would not be greater than necessary.

4

## IV.   Conclusion

Mr. Howard was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within fourteen days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Howard's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Howard's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Dallas Edward Howard violated the conditions of his supervised release by 1) failing to submit monthly reports to the probation office, 2) failing to give prior notice of a change in residence to the probation office, 3) using methamphetamine, and 4) failing to report for a non-compliance hearing.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Howard's supervised release and committing Mr. Howard to the custody of the United States Bureau of Prisons for three months, with sixty-nine months of supervised release to follow.  As provided by the conditions of his supervised release, Mr. Howard should be required to participate in a sixty-day inpatient treatment at Connections Corrections, as directed by the United States Probation Office, upon completion of his term of custody.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO**

**OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of June, 2018.

John Johnston
United States Magistrate Judge